UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

METLIFE BANK, N.A.            )
           Plaintiff,      )    3:10-cv-00122-ECR-VPC
    v.                       )
                         )    **ORDER**
PATRICK G. RILEY, *et al.*    )
                         )    October 13, 2010
           Defendants.     )
_____)

Before the court is Patrick G. Riley, John Badostein, and Eagle Home Mortgage of California, Inc.'s ("defendants") motion for rule 11 sanctions (#21)[1] against MetLife Bank ("plaintiff"). Plaintiff opposed (#26), and defendants replied (#30). Plaintiff also filed a motion to strike all declarations attached to defendants' motion for rule 11 sanctions (#27). Defendants opposed (#31). Upon thorough review of the motions, the court denies defendants' motion for sanctions (#21), and also denies as moot plaintiff's motion to strike all declarations attached to defendants' motion for sanctions (#27).

**I. FACTUAL & PROCEDURAL BACKGROUND**

On March 2, 2010, plaintiff filed a complaint against defendant which includes the following claims: (1) breach of contract by all individual defendants, (2) breach of fiduciary duty and/or the duty of loyalty by defendants Havill and Riley, (3) breach of the covenant of good faith and fair dealing by all individual defendants, and (4) tortious interference by defendant Eagle Home Mortgage of California (#1, p. 9-17). On July 16, 2010, following initial discovery and an informal warning to plaintiff regarding defendants' intention to file a motion for sanctions, defendants sent a notice letter with an attached motion for Rule 11 sanctions to plaintiff via email and U.S. mail, but did not file the motion with the court in accordance with Rule 11's safe harbor provision (#27-1, p.1-2). Defendants primary contention is that plaintiff lacks adequate evidentiary support for its

---

[1] Refers to the court's docket numbers.

contentions regarding individual defendants' conduct following their departures from MetLife Bank (#21, p. 3).[2] Defendants marked the unsigned motion sent to plaintiff via email, "draft" in the signature line on the final page (#26-8, p. 20). Additionally, defendants did not attach Josh Badostein's or Christine Laxague's declarations to the motion, though defendants referenced these declarations throughout the motion (#26-9).

In response to the draft motion, plaintiff sent defendant an email on July 29, 2010, requesting the missing declarations. *Id.* Plaintiff reiterated this request in its letter sent to defendants on August 6, 2010 (#26-10). Additionally, in this letter plaintiff noted that absent proper service on plaintiff of the motion for sanctions, the safe harbor provision of Rule 11 is not satisfied and defendant may not file a motion for sanctions with the court. *Id.* Plaintiff argues that service is not proper because defendants provided an unsigned, draft motion and failed to attach declarations. *Id.* Defendants disagree with this contention, arguing that Rule 11 simply requires service of the proposed motion on opposing counsel twenty-one days prior to filing the with the court (#30, p. 7). Additionally, defendants believe it is unnecessary to serve documents supporting the motion under Rule 11, as the language of the Rule simply provides that "the motion must be served," and does not explicitly state that the motion must include declarations or other attachments. *Id.* at 8-9. As a result of this disagreement, plaintiff did not receive the declarations until August 20, 2010, when defendants filed the motion with the court (#27, p. 4).[3]

On August 20, 2010, defendants filed the instant motion for sanctions with the court (#21). The final, filed motion includes declarations from Mr. Badostein and Ms. Laxague, among other

---

[2] The court notes that the majority of the briefing on this matter addresses the substantive evidentiary issues that are the subject of the sanctions motion. However, the court declines to summarize the details of those contentions as the threshold issue of whether defendants satisfied the Rule 11 safe harbor provisions is controlling in this case.

[3] Plaintiff also addressed substantive arguments regarding evidentiary support for its claims in its August 6 letter (#26-10). Plaintiff clarified that it did not intend to seek a breach of contract claim against defendant Havill. *Id.* at 5. In response to this clarification and plaintiff's objection to the number of employees defendants claim have resigned from MetLife Bank, defendant revised the draft motion for sanctions to remove defendant Havill as a movant and to omit the reference to the number of employees (#21-1, p. 3).

1 attachments. *Id.* Plaintiff filed a motion to strike all declarations attached to the motion for
2 sanctions on September 17, 2010 (#27). Additionally, in its opposition to defendants' motion for
3 sanctions, plaintiff seeks attorney's fees incurred in defending against the motion based on plaintiff's
4 believe that the motion is frivolous and that defendants filed the motion in bad faith (#26, p. 23-27).

## II. LEGAL DISCUSSION

**A.     Discussion**

  **1.     Fed. R. Civ. P. 11(c)**

  Federal Rule of Civil Procedure 11(c) outlines the process by which attorneys may seek sanctions for violations of Rule 11(b). Specifically, Rule 11(c)(2) includes a "safe harbor" provision, which provides: "The motion must be served [on the opposing party] under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." The 1993 Committee Notes for Rule 11 provide further guidance regarding the purpose of the safe harbor provision: "[t]o stress the seriousness of a motion for sanctions and to define precisely the conduct claimed to violate the rule."

  The Ninth Circuit "enforce[s] this safe harbor provision strictly." *Holgate v. Baldwin*, 425 F.3d 671, 677 (9th Cir. 2005). Failure to abide by Rule 11's safe harbor provision precludes sanctions. *See* Fed. R. Civ. P. 11(c); *Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 826 (9th Cir. 2009) (holding that a district court did not abuse its discretion by declining to make findings of fact regarding a sanctions motion when the motion was procedurally defective because it did not comply with the safe harbor provision in Rule 11). In several cases, the court declined to award sanctions due to safe harbor procedural deficiencies, including failure to abide by the twenty-one day timing requirement and failure to serve the motion on opposing counsel prior to filing with the court. *See, e.g.*, *Holgate*, 425 F.3d at 677 (holding that one of several co-defendants did not satisfy the safe harbor requirements when it failed to provide independent notice of its intention to seek sanctions); *Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998) (holding that repeated informal warnings of deficiencies in a complaint do not satisfy Rule 11 requirements and explaining that "it would therefore wretch both the language and purpose of the amendment to the Rule to permit an informal

warning to substitute for service of a motion"); *Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772, 789 (9th Cir. 2001) (finding that plaintiff's advance warning of defendants objections to a claim did not satisfy the "strict procedural requirement of Rule 11(c)(1)(A)").

Notably, courts find that failure to "serve a copy of the full motion that will be filed with the Court" does not satisfy the safe harbor provision. *Gidding v. Anderson*, 2009 WL 1631625 (N.D. Cal. June 9, 2009) (denying defendants' Rule 11 sanctions motion because "[d]efendants filed with the Court a motion that includes a memorandum of points and authorities, supporting declarations and exhibits that defendants did not serve at the outset of the safe harbor period"). In fact, the court in *Truesdell* described the safe harbor requirements as follows: "The movant serves the allegedly offending party with a *filing-ready motion* as notice that it plans to seek sanctions. After 21 days, if the offending party has not withdrawn the filing, the movant may file the Rule 11 motion with the court." *Truesdell v. So. Cal. Permanente Med. Grp.*, 293 F.3d 1146, 1151 (9th Cir. 2002) (emphasis added).

### III. ANALYSIS

**A. Procedural Requirements for the Safe Harbor Provision**

Plaintiff and defendants disagree about the procedural requirements for the safe harbor provision in Federal Rule of Civil Procedure 11(c)(2). Plaintiff contends that defendants failed to satisfy safe harbor requirements when they emailed and mailed an unsigned draft of their sanctions motion absent declarations referenced throughout the motion (#27, p. 5). Defendants argue that Rule 11 requires service according to Federal Rule of Civil Procedure 5, which they satisfied when they mailed a draft of the motion to plaintiff's counsel (#30, p. 7). Defendants further assert that they are not required to sign the draft in order to effect service and that Rule 11 only contemplates service of the motion itself and not any accompanying declarations. *Id.* at 8-9.

Defendants view of the law simply does not comport with the Ninth Circuit's rulings regarding procedural requirements for the Rule 11 safe harbor provision.[4] In accordance with

---

[4] The court notes that defendants rely on case law from myriad jurisdictions in their reply briefing, including the Eighth Circuit, Southern District of New York, District of Puerto Rico, Northern District of Ohio, Southern District of Indiana, and Northern District of Iowa (#30, p. 8-9). The court reminds

4

1   *Holgate*, this court construes strictly the procedural requirements of the safe harbor provision
2   outlined in Rule 11(c)(2). Therefore, parties must serve opposing counsel with a motion for
3   sanctions at least twenty-one days prior to filing the motion with the court. In this case, parties do
4   not disagree that defendants mailed a draft motion more than twenty-one days prior to filing a motion
5   with the court for sanctions. However, defendants believe the requirements in Rule 11 are satisfied
6   by serving a draft motion without accompanying declarations. The court disagrees.

7   If the purpose of the safe harbor provision, as explained in the 1993 Committee Notes, is to
8   "define precisely the conduct claimed to violate the rule," this court and the Ninth Circuit believe
9   parties most effectively achieve this goal by providing a "filing-ready motion." *See Truesdell*, 293
10  F.3d at 1151. This conclusion is supported by *Gidding*, a case in which the Northern District of
11  California denied a sanctions motion for failure to serve declarations at the outset of the safe harbor
12  period–the precise matter at issue in this case. The court cannot conceive of a reason that defendants
13  declined to provide the declarations referenced in their draft motion upon plaintiff's requests, but
14  hopes that such conduct does not reflect a deliberate attempt to impede cooperation between the
15  parties. Such tactics do not advance litigation and often result in acrimonious disputes between
16  parties regarding tangential matters. Further, defendants seek an extraordinary remedy in their
17  motion for sanctions, including dismissal of two claims for relief, striking several paragraphs of the
18  complaint, and attorney's fees. Given the detrimental effect that such a ruling would have on
19  plaintiff's case, plaintiff deserved the benefit of consideration of a complete motion for sanctions
20  for the twenty-one day safe harbor period. Therefore, the court denies defendants' motion for
21  sanctions for failure to comply with Rule 11(c)(2) procedural requirements. Given the effect of this
22  ruling, the court also denies as moot plaintiff's motion to strike the declarations attached to the
23  motion.

24  **B.   Plaintiff's Request for Attorney's Fees**

25  Plaintiff requests attorney's fees for the costs incurred in opposing defendants' motion for

---

27  defendants that this case is filed in district court in the Ninth Circuit. Therefore, controlling law from the jurisdiction in which the case appears advances parties' arguments most effectively and assists the court in
28  ruling on the issue. In this case, there is ample applicable Ninth Circuit law so it is unnecessary to seek guidance from district courts in other circuits.

5

sanctions. The court denies plaintiff's request because it does not find clear evidence that defendants filed their motion for any of the nefarious purposes advanced by plaintiffs: "conditioning the court to buy into their theory of the case," convincing the court that plaintiff's evidence is weak, testing plaintiff's case, or as an intimidation tactic (#26, p. 24-25). Similarly, though the court does not address the merits of the motion for sanctions given its procedural deficiencies, the court does not believe defendants filed the motion in bad faith or that the motion is frivolous. Therefore, plaintiff's request for attorney's fees is denied. The court encourages plaintiff and defendants to move beyond this dispute to ensure that discovery is timely completed so that the case may proceed efficiently.

### IV. CONCLUSION

Defendants failed to comply with the strict procedural requirements of the safe harbor provision in Rule 11 when they served plaintiff with a draft motion absent declarations. Failure to abide by the procedural requirements outlined in Rule 11(c)(2) precludes a motion for sanctions. Though the court does not reach the substantive concerns at issue in defendants' motion for sanctions, it does not find that defendants filed the motion in bad faith.

**IT IS THEREFORE ORDERED** that defendants' motion for sanctions (#21) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's request for attorney's fees incurred in opposing defendants' motion for sanctions (#26, p. 23-27) is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff's motion to strike declarations attached to defendants' motion for sanctions (#27) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the motion hearing set for October 19, 2010, is **VACATED**.

**DATED**:     October 13, 2010.

_____
**UNITED STATES MAGISTRATE JUDGE**