J. Kelby Van Patten, Bar No. 7942
Matthew L. Durham, Bar No. 10342
PAYNE & FEARS LLP
Attorneys at Law
7251 W. Lake Mead Blvd, Suite 525
Las Vegas, NV 89128
Telephone: (702) 382-3574
Facsimile: (702) 382-3834

Attorneys for Defendants
PATRICK G. RILEY; JOHN BADOSTAIN;
BRIAN D. HAVILL; and EAGLE HOME
MORTGAGE OF CALIFORNIA, INC.

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| METLIFE BANK, N.A., <br><br> Plaintiff, <br><br> v. <br><br> PATRICK G. RILEY; JOHN BADOSTAIN; BRIAN D. HAVILL; and EAGLE HOME MORTGAGE OF CALIFORNIA, INC., <br><br> Defendants. | CASE NO. 3:10-CV-00122-ECR-VPC <br><br> **STIPULATION AND PROTECTIVE ORDER** |

IT IS HEREBY STIPULATED by and between Plaintiff MetLife Bank, N.A. ("Plaintiff") and Defendants Patrick G. Riley, John Badostain, Brian D. Havill, and Eagle Home Mortgage of California, Inc. (collectively, "Defendants"), by and through their counsel of record, that a Protective Order may be entered by this Court as follows:

**A.     SCOPE**

1.     The parties acknowledge that discovery in this case will require disclosure of information that is private and personal or confidential and proprietary, and may include without limitation disciplinary records of employees, personnel records, personnel policies, employment offers, compensation data, trade secrets, business forecasts, business strategies, profits and losses, and other proprietary information. The parties acknowledge that the release of

such information could result in significant damage to Plaintiff's and/or Defendants' ability to compete, Plaintiff's and/or Defendants' employees' right of privacy, and/or the parties' reputation. As a result, the parties agree to enter into a Protective Order on the following terms to ensure the continuing confidentiality of such "Confidential Information."

2. This Protective Order shall limit the use or disclosure of documents, deposition testimony, and related information which constitute, contain, embody, or disclose any information designated hereunder as "Confidential" or "Confidential/Attorney's Eyes Only," and shall apply to:

(a) All such documents, including those from third parties, so designated in accordance with this Protective Order and all information contained therein;

(b) Portions of deposition testimony and transcripts and exhibits thereto which include, refer or relate to any Confidential Information;

(c) All information, copies, extracts and complete or partial summaries prepared or derived from Confidential Information; and

(d) Portions of briefs, memoranda or any writing filed with or otherwise supplied to the Court, which include or refer to any such Confidential Information.

## B. DESIGNATION OF DOCUMENTS AND DEPOSITIONS

1. Designation of a document as "Confidential" or "Confidential/Attorney's Eyes Only" shall be made by stamping or writing CONFIDENTIAL or CONFIDENTIAL/ATTORNEY'S EYES ONLY, as the case may be, on the document(s).

2. Any party designating documents, testimony, or other information as "Confidential" hereunder asserts that its counsel of record believes in good faith that such material is Confidential Information which is not otherwise available to the public generally and is of such a sensitive nature that it should not be used outside this litigation. Without limitation, the following factors may be considered in determining whether a document or information warrants confidential status: (a) would this information be useful to a competitor in competing against the producing party; (b) would public disclosure of this information be embarrassing or harmful to the producing party or to any individual; and (c) would public disclosure of this information violate

privacy laws and/or otherwise invade the privacy of any entity or individual?

3. Any party designating a document, testimony, or other information as "Confidential/Attorney's Eyes Only" hereunder asserts that its counsel of record believes in good faith that such document(s), testimony or other information is inappropriate for treatment merely as confidential discovery because it is so extraordinarily sensitive that there is a real danger that the party producing it could be prejudiced if the document(s), testimony, or other information were disclosed to one or more adverse parties.

4. Designation of a deposition or other pretrial testimony, or portions thereof, as "Confidential" or "Confidential/Attorney's Eyes Only" may be made by a statement on the record by counsel for the party or other person making the claim of confidentiality at the time of such testimony. The portions of depositions designated as "Confidential" shall be taken only in the presence of: the parties, the parties' counsel, the court reporter, the deponent, the deponent's attorney, and the interpreter, if applicable. The portions of depositions designated as "Confidential/Attorney's Eyes Only" shall be taken only in the presence of: the parties' counsel, the court reporter, the deponent, the deponent's attorney, and the interpreter, if applicable. Failure of any other person to comply with a request to leave the deposition room will constitute sufficient justification for the witness to refuse to answer any question calling for disclosure of Confidential Information. The parties shall instruct the court reporter to segregate such portions of the deposition in a separate transcript designated as "Confidential" or "Confidential/Attorney's Eyes Only," as the case may be. Portions of such deposition transcripts shall be clearly marked as "Confidential" or "Confidential/Attorney's Eyes Only" on the cover or on each page, as appropriate. In addition, for the first 10 days immediately following a party's receipt of a deposition transcript, that party shall treat all testimony in that transcript as Confidential, whether or not it was designated as Confidential during the deposition; this provision is intended to allow the producing party a 10-day grace period to review a transcript and designate additional testimony that he / it inadvertently omitted to designate during the deposition, without being subjected to a risk of disclosure during that grace period.

5. Any party may designate documents produced or portions of depositions

taken as containing Confidential Information, even if not initially marked as "Confidential" or "Confidential/Attorney's Eyes Only," in accordance with the terms of this Protective Order, by so advising counsel for each other party in writing at any time. Thereafter, each such document or transcript shall be treated in accordance with the terms of this Protective Order; provided, however, that there shall be no liability for any disclosure or use of such documents or transcripts, or the Confidential Information contained therein, which occurred prior to actual receipt of such written notice. Any person who receives actual notice of any such designation of previously produced documents or deposition transcripts as containing Confidential Information shall thereafter treat such information as if it had been designated as "Confidential" or "Confidential/Attorney's Eyes Only," as the case may be, at the time he, she, or it first received it in connection with this action and shall mark all copies of such documents in his, her, or its possession accordingly.

6. If any party produces attorney-client privileged or attorney work-product documents or information in discovery, such production shall not waive the privilege, and the producing party may thereafter assert the privilege to the full extent, in which case, the party receiving such documents or information shall immediately return all originals and copies thereof to the producing party upon request or demand.

**C.   LIMITATIONS ON DISCLOSURE OF CONFIDENTIAL INFORMATION**

1. No Confidential Information shall be disclosed by anyone receiving such information to anyone other than those persons designated herein and in no event shall Confidential Information be used, either directly or indirectly, by anyone receiving such information for any business, commercial or competitive purpose or for any purpose whatsoever other than the direct furtherance of the litigation of this action in accordance with the provisions of this Protective Order.

2. Documents, testimony, or other information designated as "Confidential" shall not be disclosed by any person who has received such information through discovery in this action to any other person except to:

(a) Attorneys of record for the parties and their respective associates, clerks

-4-

1  and employees directly involved in the conduct of this litigation;

2      (b) The parties hereto;

3      (c) Outside experts and consultants retained by a party for the purpose of
4  preparing or assisting in this litigation, and their respective clerks and employees involved in
5  assisting them in this litigation;

6      (d) The Court, court reporters, interpreters, and translators and their
7  respective clerks and employees.

8      3.   Documents, testimony, or other information designated as
9  "Confidential/Attorney's Eyes Only" shall not be disclosed by any person who has received such
10 information through discovery in this action to any other person except to:

11     (a) Attorneys of record for the parties and their respective associates, clerks
12 and employees directly involved in the conduct of this litigation;

13     (b) Outside experts and consultants retained by a party for the purpose of
14 preparing or assisting in this litigation, and their respective clerks and employees involved in
15 assisting them in this litigation;

16     (c) The Court, court reporters, interpreters, and translators and their
17 respective clerks and employees.

18     4.   Confidential Information may not be disclosed to any other person without
19 the prior written consent of the party who has designated such information as "Confidential" or
20 "Confidential/Attorney's Eyes Only," or pursuant to an order of the Court.

21     5.   Even when interviewing or deposing persons who are witnesses in this
22 litigation, the receiving party is not permitted to gratuitously disclose Attorneys' Eyes Only
23 information or documents to which that witness was not privy. For example, during the deposition
24 of Manager X, unless the Receiving Party first establishes that Manager X was privy to the
25 document or information in question, it would be improper for the receiving party's attorney: (a)
26 to give Manager X a copy of an Attorneys' Eyes Only document authored by a senior executive of
27 Manager X's company and instruct Manager X to read it; or (b) to read out loud from or
28 summarize the sensitive information in that document.

6. Before any person described in section C(2)(c) or C(3)(b) receives or is shown any document or information which has been designated as "Confidential" or "Confidential/Attorney's Eyes Only," such person shall be given a copy of this Protective Order and shall agree in writing, in the form of the Acknowledgment and Agreement attached hereto as Exhibit A, to be bound by the terms hereof. The original of each such Acknowledgment and Agreement shall be maintained by counsel and shall be produced for inspection by opposing counsel upon request. Any counsel may require the other counsel to provide a copy of the Acknowledgment and Agreement signed by a witness at a deposition before the witness is deposed with regard to any Confidential Information.

7. Nothing in this Protective Order shall be construed to require execution of the written Acknowledgment and Agreement referred to in section C, paragraph 5 above.

8. Nothing in this Protective Order limits any party's ability at any time to use or disclose documents or information that he or it obtained independently of discovery in this litigation, even if he or it receives a duplicate copy of that document or information from the other party through discovery. Further, nothing in this Protective Order prevents the party who produced Confidential or Attorneys' Eyes Only documents or information (or the producing party's attorneys) from disclosing its own Confidential or Attorneys' Eyes Only information or documents; the restrictions described herein only limit the receiving party's ability to use and disclose said documents and information.

9. Notwithstanding anything to the contrary in this section C, a party receiving documents designated as "Confidential" or "Confidential/Attorney's Eyes Only" shall not be prohibited from temporarily providing such documents to an outside copy service for purposes of having copies of made.

10. If a party intends to file one or more Confidential or Attorney's Eyes Only documents as exhibits to a motion or brief, the following procedures shall apply. The filing party may refer to the exhibit in the text of its motion or brief, but shall not actually file the document on the date its motion or brief is filed; instead, in place of the full exhibit, it shall file a single sheet of paper stating that the exhibit was temporarily withheld pursuant to this provision. As soon as

-6-

possible following the filing of that brief or motion, the parties shall meet and confer in good faith to determine whether, by redacting the document or filing an excerpt of it, the producing party's interest in confidentiality can be preserved while still allowing the receiving party to support its motion or brief. If the parties are able to agree, the redacted document or excerpt shall be filed as a public record.

On the other hand, if the parties cannot agree after meeting and conferring, within 14 days after the original brief or motion was filed (minus the exhibit at issue), the party whose confidential information is at risk may file a motion for any or all of the following relief: (a) strike the exhibit; (b) require that the exhibit be filed under seal; or (c) require that it be redacted, or that only an excerpt be filed. If the document is an exhibit to a dispositive motion (or to a brief opposing or supporting a dispositive motion), the Court will not order that it be filed under seal absent a particularized showing of compelling reasons, which is necessary to overcome the strong presumption of public access to court records. However, if the document is an exhibit to a discovery motion or some other type of non-dispositive motion, the Court may order that it be filed under seal upon a showing of good cause.

### D. CHALLENGE TO CONFIDENTIALITY DESIGNATION

1. Any party that wishes to challenge the designation of a document or other information as "Confidential" or "Confidential/Attorney's Eyes Only" shall notify the designating party of the challenge and provide the basis therefor (a) within ten (10) days of receipt of the challenged document or information or (b) if the document or information was not initially designated as confidential, within ten (10) days of being notified pursuant to section B paragraph 5 that the producing party wishes to designate the previously produced documents or information as confidential.

2. A party receiving notice of a challenge pursuant to section D paragraph 1 shall have twenty (20) days within which to file a motion to protect the challenged document or other information as "Confidential" or "Confidential/Attorney's Eyes Only" based upon applicable case law and statutory authority. If the party fails to file such a motion, the challenged documents or information shall not be considered "confidential" and shall not be protected by this Protective

-7-

1  Order.

2      3. Pending resolution of any dispute concerning the designation of a document or other information, all parties and persons governed by this Protective Order shall treat all documents and information previously designated as "Confidential" or "Confidential/Attorney's Eyes Only" as protected from further disclosure by this Protective Order.

### E.  SURVIVAL OF ORDER - RETURN OF DOCUMENTS

    1. The provisions of this Order shall continue in effect until otherwise ordered by the Court after notice and an opportunity to be heard is afforded to the parties to this action. The final determination or settlement of this action shall not relieve any person who has received Confidential Information or agreed to be bound by the terms of this Protective Order of his, her, or its obligations hereunder. The Court shall retain jurisdiction after such final determination or settlement to enforce the provisions of this Order. Upon completion of the litigation, all documents (including copies of documents) containing Confidential Information shall be destroyed or returned to counsel for the producing party, except that (a) documents on which any person has made notations may be destroyed and not returned, and (b) the parties' respective attorneys of record may retain one copy of each such document for use in connection with any disputes which may arise under the Court's retention of jurisdiction as provided for herein. Within ninety days of the conclusion of this litigation, the attorneys for the receiving party shall provide the attorneys for the producing party a certificate representing that such return or destruction was made. This litigation shall be deemed concluded upon the occurrence of one or more of the following events: (i) entry of judgment, followed by the expiration of time for appeal or other challenge to entry of judgment; (ii) execution by the parties of a settlement agreement, followed by completion of all steps prescribed within the agreement for the effectuation of the settlement; or (iii) exhaustion of the appeals process or other post-trial or post-judgment process for the challenging of any judgment herein.

    2. Except as provided in section E hereof, documents or things containing the other party's Confidential Information shall at all times be in the physical possession of those persons qualifying under section C herein, or kept by counsel of record at the premises regularly

maintained by such counsel of record as and for their respective law offices.

### F. USE OF DOCUMENTS AT TRIAL

This Stipulation and Protective Order shall not apply to information designated or marked "Confidential" or "Confidential/Attorney's Eyes Only" hereunder which is used at any evidentiary hearing or trial in this action. The parties hereby reserve their rights to use, or seek to limit the disclosure of, Confidential Information at any such hearing or trial, subject to the caveat that if an exhibit is used at trial, a particularized showing of compelling reasons to justify sealing it would be necessary to overcome the strong presumption of public access to court records.

### G. USE OF OWN DOCUMENTS BY PRODUCING PARTY

Nothing in this Protective Order shall limit the use by any party, person or entity of his, her or its own documents, testimony or information even if such documents, testimony or information have been designated as "Confidential" or "Confidential/Attorney's Eyes Only." If a party has a good faith basis for believing that another party has waived the confidentiality of documents, testimony or information previously designated as "Confidential" or "Confidential/Attorney's Eyes Only" (for example, by filing a document in court without placing it under seal, or providing it to the press or to any third party without the protections prescribed by this Order), the designation of the document, testimony or information as "confidential" may be challenged by following the procedure noted above in section D, without regard to whether any such challenge was made previously.

### H. APPLICATIONS TO COURT

1. This Protective Order shall not preclude or limit any party's right to oppose or object to discovery on any ground which would be otherwise available. This Protective Order shall not preclude or limit any party's right to seek in camera review or to seek further and additional protection against or limitation upon production or dissemination of information produced in response to discovery, including documents and their contents.

2. Any person to or by whom disclosure or inspection is made in willful violation of this Protective Order, and who has knowledge of this Protective Order, shall be bound by the terms hereof.

3.  The parties hereto, and all other persons who receive Confidential Information pursuant hereto, agree that any party or other person injured by a willful violation of this Order does not have an adequate remedy at law and that an injunction against such violation is an appropriate remedy. In the event any person shall willfully violate or threaten to violate any terms of this Order, the parties agree that the injured party may immediately apply to obtain injunctive relief against any such person. In the event the injured party shall do so, the respondent person subject to the provisions of this Order shall not employ as a defense thereto the claim that the injured party has an adequate remedy at law. Any persons subject to the terms of this Order agree that the Court shall retain jurisdiction over it and them for the purposes of enforcing this Order, including but not limited to issuing an injunction. In addition to injunctive relief, as specified herein, the Court may impose monetary and/or issue sanctions, as well as other relief deemed appropriate under the circumstances for any willful violation of this Protective Order.

4.  If any deponent required under the terms of this Protective Order to execute the written Acknowledgment and Agreement described in section C, paragraph 5 above refuses to do so, the parties may complete the deposition on other matters or adjourn it and move the Court for any appropriate relief, including (without limitation) relief from this Protective Order as to that deponent, or an order that the deponent shall execute the written agreement described in section C, paragraph 5 above, or an order that deponent shall be bound by the terms of this Protective Order. Any non-party whose Confidential Information is the subject of such a motion shall be given notice thereof.

**I.   AGREEMENT TO COOPERATE**

The parties hereto and their respective attorneys of record agree that, when one party's attorney requests a deponent to sign the written Acknowledgment and Agreement described in section C, paragraph 5 above, the other party's attorney will join in such request, unless that attorney has a good faith basis for refusing to join in such a request; provided, however, that this requirement shall not apply with respect to any deponent who is represented at his or her deposition by an attorney of record for any party hereto (including any member or associate of their respective law firms). An attorney's request to sign such Acknowledgment

-10-

pursuant to this paragraph shall not be construed to constitute legal advice to the deponent, but shall and may be stated to be simply a request to facilitate discovery in this action.

### J.  NO ADMISSIONS

Neither entering into this Stipulation for Protective Order, nor receiving any documents or other information designated as "Confidential" or "Confidential/Attorney's Eyes Only" shall be construed as an agreement or admission (1) that any document or information designated as "Confidential" or "Confidential/Attorney's Eyes Only" is in fact Confidential Information; (2) as to the correctness or truth of any allegation made or position taken relative to any matter designated as "Confidential" or "Confidential/Attorney's Eyes Only;" or (3) as to the authenticity, competency, relevancy or materiality of any information or document designated as "Confidential" or "Confidential/Attorney's Eyes Only."

///
///
///

-11-

### K.   COUNTERPARTS

This Stipulation for Protective Order may be executed in counterparts, each of which shall be deemed an original and which together shall constitute one instrument.

DATED: October 13, 2010

By: /s/ Martin Harris
Martin Harris, admitted *pro hac vice*
HARRIS & AFFILIATES Ltd.

Anthony L. Hall, Bar No. 5977
HOLLAND & HART LLP

Attorneys for Plaintiff
MetLife Bank, N.A.

DATED: October 13, 2010

PAYNE & FEARS LLP

By: /s/ Matthew L. Durham
J. KELBY VAN PATTEN, Bar No. 7942
MATTHEW L. DURHAM, Bar No. 10342

Attorneys for Defendants
PATRICK G. RILEY; JOHN BADOSTAIN;
BRIAN D. HAVILL; and EAGLE HOME
MORTGAGE OF CALIFORNIA, INC.

### ORDER

GOOD CAUSE APPEARING THEREFORE, IT IS ORDERED THAT the terms of the Protective Order as described in the Stipulation between Plaintiffs and Defendants in section A through L above shall be entered as the Order of the Court and be binding upon the parties and signatories to Exhibit "A."

**IT IS SO ORDERED.**

DATED: October 18, 2010

_____
United States Magistrate Judge

-12-

# EXHIBIT A

## ACKNOWLEDGMENT OF RECEIPT OF PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION AND AGREEMENT TO BE BOUND THEREBY

I hereby acknowledge receipt of and that I have read a copy of the Stipulation and Protective Order (the "Order"), which I understand was made on _____, 2010, in the action entitled *MetLife Bank, N.A. v. Riley, et al.*, Case No. 3:10-CV-00122-ECR-VPC, United States District Court of Nevada. I agree that I will be bound by the provisions of the Order with respect to any Confidential Information provided to me under the terms thereof. I agree that, if I receive any Confidential Information, I will not make any copies thereof nor disclose such Confidential Information except as permitted by the Order. I further understand that if I fail to comply with the terms of the Order, I may be subject to sanctions by the Court, and I hereby consent to personal jurisdiction in the State of Nevada with respect to any matter relating to or arising out of the Order.

Executed this ___ day of _____, 2010 at

_____, _____.

[City]              [State]


_____
[Name]

4829-8996-9159.1

-13-